IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES WESTLEY MCCULLERS                                                                PLAINTIFF

v.                                         Civil No. 1:19-cv-1067

DEPUTY HUDSON, Union County
Sheriff's Office; SHERIFF RICKY
ROBERTS, Union County, Arkansas;
STATE OF TEXAS PAROLE, Texas
Department of Criminal Justice; and
JUDGE BARKER, Union County Courthouse                                                  DEFENDANTS

## ORDER

Plaintiff James Westley McCullers filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2019. (ECF No. 1). Also on December 30, 2019, the Court advised Plaintiff "that he is required to immediately inform the Court of any change of address" and that "[f]ailure to inform the Court of an address change shall result in the dismissal of this case." (ECF No. 3).

On January 22, 2020, mail sent to Plaintiff by the Court was returned as undeliverable, marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 6). On January 31, 2020, additional mail sent to Plaintiff by the Court was returned as undeliverable, marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 7). Plaintiff's address of record is clearly no longer accurate, and he has not given the Court an updated address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

The Federal Rules of Civil Procedure also specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a court may dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986).

Plaintiff has failed to obey a court order and has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of February, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge